IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua P.,[1] | ) | C/A No.: 1:21-3251-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kilolo Kijakazi, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), by her attorneys, Corey F. Ellis, Interim United States Attorney for the District of South Carolina, and Marshall Prince, Assistant United States Attorney for said district, has moved this court, pursuant to 42 U.S.C. § 405(g), to enter a judgment with an order of reversal with remand of the cause to the Commissioner for further administrative proceedings. [ECF No. 17]. The motion represents that Plaintiff's counsel consents to the motion. *Id.*

Plaintiff filed a brief arguing: (1) the ALJ failed to include the overhead reaching restrictions indicated by Dina Nabors, M.D., in the RFC assessment, despite having found her opinion persuasive; (2) the ALJ failed to properly

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

evaluate the persuasiveness of a medical opinion from Carroll Pinner, M.D.; (3) the ALJ did not meet the burden at step five because he relied on the VE's identification of jobs that have been identified as obsolete; and (4) the Commissioner's final decision was constitutionally defective, as the ALJ served under a Commissioner who was appointed under an unconstitutional statute. [ECF No. 16]. The Commissioner declines to address these issues individually, but concedes that remand is appropriate pursuant to sentence four of 42 U.S.C. § 405(g), which authorizes the court to remand the case where the Commissioner's decision is not supported by substantial evidence or where she failed to apply the proper legal standard. [ECF No. 17].

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and given the parties' consent to remand, this court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

Upon remand, the Appeals Council shall vacate the decision and refer the case to an ALJ for further evaluation and a new hearing, if necessary. The Clerk of Court is directed to enter a separate judgment pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

March 21, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

3